## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARRON HENDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-11-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration partially denying his applications for disability insurance and supplemental security income benefits. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for disability insurance and supplemental security income benefits on September 8, 2003, alleging a disability onset date of November 20,

2001, due to a neck injury, a shoulder injury, and shoulder and wrist weakness. Tr. 79-81,

100.[1] The applications were denied on initial consideration and on reconsideration at the

administrative level.  Tr. 28, 29, 40-42, 44-45.  Plaintiff then requested a hearing before an

administrative law judge.   Tr. 46. Three hearings were ultimately held on Plaintiff's

applications; the third hearing was conducted on September 17, 2008, and resulted in the

decision now under review in this proceeding.[2] See Tr. 783-843.  Plaintiff appeared with his

attorney and offered testimony in support of his applications.  Tr. 785, 793-814, 832-43.  A

vocational expert also testified at the request of the administrative law judge.  Tr. 582, 814-

29. The administrative law judge issued a partially favorable decision on June 17, 2009,

finding that Plaintiff was disabled within the meaning of the Social Security Act for a closed

period. Tr. 546-48, 550-69. Specifically, the administrative law judge determined that

Plaintiff was disabled from April 26, 2004 through June 9, 2006, but that as of June 10, 2006,

Plaintiff was no longer disabled within the meaning of the Social Security Act.  Tr. 561-63.

The Appeals Council denied Plaintiff's request for review on October 21, 2010, and thus the

June 17, 2009, decision of the administrative law judge became the final decision of the

---

[1]The source documents for the supplemental security income benefits are not contained in the record before the Court.

[2]An unfavorable decision was issued on January 17, 2006, after the first hearing, but on review the Appeals Council remanded the matter for a new hearing.  Tr. 30-39.  A new hearing was conducted and a second unfavorable decision was issued on October 24, 2007.  Tr. 11-22.  The Appeals Council denied review, and Plaintiff filed the present action challenging the October 24, 2007 decision.  Tr. 6B-8.  However, the matter was remanded under sentence six of 42 U.S.C. § 405(g) because the Commissioner was unable to provide a transcript of the hearing. [Doc. No. 11]. Upon remand, the Appeals Council ordered that a third hearing be conducted by a different administrative law judge.  Tr. 571-73.

Commissioner. Tr. 544-45.

## II. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was disabled for a closed period, the administrative law judge initially followed the five step sequential evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920. Tr. 551-52. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of November 20, 2001. Tr. 554. At steps two and three, the administrative law judge determined that Plaintiff suffers from status post right shoulder surgery followed by a return to work at levels of substantial gainful activity; status post left shoulder surgery times two, with chronic neck and shoulder pain followed by a return to work at near substantial gainful activity levels; cervical degenerative spondylosis; left shoulder impingement syndrome; and obesity, all of which he found to be severe but not severe enough prior to April 26, 2004, to meet the criteria of the listing of impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 554-57. The administrative law judge then found that prior to April 26, 2004, Plaintiff had the residual functional capacity (RFC) to perform less than a full range of sedentary work. Tr. 557. More specifically, he found that Plaintiff could occasionally lift and/or carry no more than 10 pounds; lift and/or carry 10 pounds more frequently; stand and/or walk for less than 6 but more than 2 hours of an 8 hour work day; sit for more than 6 hours in an 8 hour workday with normal breaks and with the option to sit and stand for a change of posture during the workday; and that he could not reach overhead with the non-dominant left hand. Tr. 557. Based on this RFC, the administrative law judge found that from the date of onset,

Plaintiff did not have the ability to perform his past relevant work as a baker, moving company worker, landscape laborer, laundry worker, or fast food cook. Tr. 560. He further found that prior to April 26, 2004, there were other jobs existing in significant numbers that a person with Plaintiff's vocational factors and RFC could perform, such as routing clerk, auction clerk, surveillance system monitor, and sorter. Tr. 560-61. Next, the administrative law judge found that beginning on April 26, 2004, Plaintiff suffered from an additional severe impairment of an on the job injury resulting in an L5-S1 annular disc bulge which was followed by anterior interbody fusion at L5-S1. Tr. 561. The administrative law judge further found that Plaintiff experienced post-surgical back pain and radiculopathy. Tr. 561. The administrative law judge found that from April 26, 2004 through June 9, 2006, Plaintiff's severe back impairment met the criteria of section 1.04 of the Listing of Impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 562. Accordingly, the administrative law judge found Plaintiff under a disability as defined by the Social Security Act during this time period. Tr. 563.

After finding that Plaintiff was disabled for the period from April 26, 2004 through June 9, 2006, the administrative law judge then followed the sequential evaluation process required by 20 C.F.R. §§ 404.1594 and 416.994 for determining whether that disability continued through to the date of the decision. Tr. 552-54, 563. The administrative law judge determined that Plaintiff experienced medical improvement on June 10, 2006, and that since that date, he has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments. Tr. 563-64. In reaching this finding, the

administrative law judge not only considered Plaintiff's back impairment, but the fact that he developed diabetes mellitus in 2008. Tr. 563-64. The administrative law judge specifically considered Listing 9.08 dealing with endocrine system impairments, but found that Plaintiff did not meet any of the listing level requirements for a diabetes related impairment. Tr. 564. The administrative law judge also considered Plaintiff's obesity, and considered the effects of his obesity in reaching his RFC determination. Tr. 564. The administrative law judge next determined that Plaintiff's medical improvement was related to his ability to work in that he no longer met the requirements for any listed impairment. Tr. 564.

The administrative law judge found that beginning on June 10, 2006, Plaintiff had the RFC to perform less than a full range of sedentary work. Tr. 564. Specifically, the administrative law judge found that Plaintiff could occasionally lift and/or carry no more than 10 pounds; lift and/or carry 10 pounds more frequently; stand and/or walk less than 6 hours of an 8 hour workday, but more than 2 hours of an 8 hour workday; sit with normal breaks more than 6 hours of an 8 hour workday, with an option to sit and stand during the workday for a change of posture; and he could not reach overhead with the left, non-dominant hand. Tr. 564. Based on this RFC and the testimony of the vocational expert, the administrative law judge next determined that Plaintiff could not perform his past relevant work. Tr. 567. However, based on the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the economy, such

as routing clerk, auction clerk, surveillance system monitor, and sorter. Tr. 568.

Accordingly, the administrative law judge found that Plaintiff's disability ended on June 9,

2006, and that he was entitled to benefits for the closed period of April 26, 2004 through

June 9, 2006. Tr. 568-69.

## III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review

as follows:

> [W]e[3] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.
>
> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks

and brackets omitted).

## IV. DISCUSSION

[3]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

Because Plaintiff is proceeding pro se on appeal, the Court should liberally construe his filings. <u>Jimenez v. Astrue</u> No. 09-6225, 385 Fed.Appx. 785, 787 (10th Cir. June 16, 2010)[4] (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). So construed, the undersigned has determined that Plaintiff takes issue with the decision on grounds that he has even more disabilities than he had for the period in which he was found entitled to benefits. Plaintiff's Petition, 11.[5] In support of this claim, Plaintiff notes the restrictions imposed by Dr. Johnson following his second surgery on his left shoulder. Petition, 3. He notes that he injured his back when he attempted to go back to work in 2004. Petition, 4. He refers to the surgery, injections, and therapy he received as a result of his back injury, and he states that he fell and injured his hip approximately one to two weeks following back surgery. Petition, 4-5. He states that following this surgery he was given "more permanent restrictions." He also notes, as did the administrative law judge, that he was diagnosed with insulin dependent diabetes upon being hospitalized with a blood sugar level of 753. Petition, 6-7. He notes that he takes insulin, blood pressure medication, and medication for high cholesterol. Petition, 7.

Finally, he claims that he very seriously injured his right leg in June of 2009, and that that injury has resulted in four surgeries and his need for a walker; he claims that he must also have knee surgery for this injury, but that it has not yet been scheduled. Petition, 7-8.

---

[4]This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[5]Plaintiff styles his opening brief as "Petition," and thus the undersigned has used that designation also. Further, in referring to the page numbers of Plaintiff's petition, the undersigned is referring to the handwritten numbers Plaintiff has written on the top, right hand side of each page. The undersigned notes that Plaintiff skips from page 8 to page 10.

He claims that his failed work attempt in 2004, the permanent restrictions imposed by his doctors, and the medication he is taking all show that he is unable to perform work of any kind, and that he proved as much in his three administrative hearing appearances and also to "the VOC rehab administrator." Petition, 10.

The Commissioner responds that the administrative law judge considered the same evidence cited by Plaintiff regarding the restrictions that were imposed by his doctors, his history of injuries, and his treatment for diabetes and high blood pressure. Commissioner's Brief, 6. With regard to his physical restrictions, the Commissioner notes that Plaintiff's doctors, Dr. Pardee and Dr. Tortorici, concluded that Plaintiff could still perform light work after he reported pain and weakness in his left shoulder in the Fall of 2001. Commissioner's Brief, 7 (citing Tr. 170-71, 370-71). The Commissioner argues that these opinions as well as the restriction to light duty imposed by Dr. Johnson in March of 2002 support the administrative law judge's RFC finding regarding the period prior to April 26, 2004. Id. at 7 (citing Tr. 234-35). The Commissioner argues that Dr. Johnson continued these same restrictions after injections for temporary pain relief as well as after Plaintiff's shoulder surgery in May of 2002. Commissioner's Brief, 7 (citing Tr. 198, 199-200, 217, 235). The Commissioner adds that after Dr. Johnson performed a second surgery on Plaintiff's left shoulder, Plaintiff was prescribed physical therapy but frequently missed his sessions. Commissioner's Brief, 7-8 (citing Tr. 173-74, 237-357, 556).

The Commissioner next refers to a September 2003 evaluation by Dr. Arden Blough, in which Dr. Blough notes the permanent restrictions imposed by Dr. Michael J. Carl.

Commissioner's Brief, 8 (citing 358-63, 470).  Dr. Blough found that although Plaintiff would not be able to perform physically demanding manual labor, he would be an excellent candidate for vocational rehabilitation.  Id. (citing Tr. 363).  In January 2004, Dr. Michael J. Carl stated that Plaintiff should not do lifting, pushing, carrying, or pulling greater than ten pounds and he should avoid work above the shoulders or overhead – limitations which the Commissioner also argues are consistent with the administrative law judge's RFC.  Id. (citing 467).

With regard to Plaintiff's claim that his unsuccessful attempt to work in 2004 supports his claim of disability, the Commissioner contends that Plaintiff attempted work far in excess of his maximum residual functional capacity – and even so was still able to work for about four months.  Commissioner's Brief, 8.  (citing Tr. 440, 558, 588).  The Commissioner argues that this fact supports the administrative law judge's finding that Plaintiff was not disabled prior to April 26, 2004.  Commissioner's Brief, 8-9.

For the period beginning June 10, 2006, the Commissioner argues that the administrative law judge accommodated the restrictions imposed by Dr. Brent Hisey following Plaintiff's back surgery, which limited Plaintiff to sedentary work that did not require standing or sitting for any significant length of time, and which allowed him to change positions.  Commissioner's Brief, 9 (citing Tr. 515, 564).

The Commissioner also argues that the administrative law judge did consider Plaintiff's diabetes and obesity in reaching his RFC finding, and that his findings in that regard are supported by substantial evidence.  Id. (citing Tr. 564).

9

Although conceding that the Commissioner has the burden of proof at the last step of the sequential processes, the Commissioner argues that the administrative law judge posed hypothetical questions to the vocational expert which incorporated all of the limitations contained in the RFC and Plaintiff's vocational factors, and that the vocational expert found four jobs which Plaintiff could perform. Commissioner's Brief, 10 (citing Tr. 816-20). Even when the administrative law judge asked a hypothetical incorporating the vocational limitations imposed by Dr. Carl, the vocational expert testified that Plaintiff could still perform the four jobs identified in response the administrative law judge's hypothetical. Id. at 11 (citing Tr. 664, 820-21). The Commissioner argues that the vocational expert's response to Plaintiff's attorney's hypothetical does not detract from the administrative law judge's finding that other work was available, since the hypothetical posed by the attorney contained limitations that were not ultimately adopted by the administrative law judge in his RFC finding. Commissioner's Brief, 11 (citing Tr. 821-29).

Finally, the Commissioner argues that evidence of impairments which arose after the administrative law judge's decision are not material because they do not relate to the period under review – which ended on June 17, 2009, the date of the administrative law judge's decision. Commissioner's Brief, 11. The Commissioner states that the record shows the new injury mentioned by Plaintiff in his petition occurred on June 22, 2009 - five days after the administrative law judge's decision. Id. at 12 (citing Tr. 712). The Commissioner contends that Plaintiff's only remedy for a new impairment that arose after the date of decision is to file a new application for benefits. Id.

Plaintiff filed a reply in which he argues that when the vocational expert was asked to consider a hypothetical that assumed Plaintiff could not use his non-dominant arm for reaching in any direction that only the job of sorter remained. Plaintiff's Reply, 1. He argues in reply that he could not even do that job because the requirement that he alternate sitting and standing would make him have to relinquish his cane and "use my somewhat [good] arm" to work. Plaintiff's Reply, 3. Plaintiff also argues that he only missed physical therapy sessions because his employer contested his need for them, and he had no other way to afford them. Plaintiff's Reply, 2. Finally, he argues that he did not take a job that exceeded his limitations in 2004, and that he was only to do "light duty work" of sweeping and trash pick up; he claims that he injured himself when he attempted to move a single 50 pound box of tiles. Plaintiff's Reply, 3.

## A. SUBSTANTIAL EVIDENCE SUPPORTS THE ADMINISTRATIVE LAW JUDGE'S RFC DETERMINATION

After a careful review of the medical evidence, and the administrative law judge's analysis of that evidence, the undersigned agrees with the Commissioner that Plaintiff has failed to point to any medical evidence that was not properly considered by the administrative law judge in reaching his RFC finding.

The Social Security Administration's regulations provide administrative law judges with specific guidance concerning how medical opinions must be weighed and how a decision should show that the administrative law judge undertook the requisite analysis when assigning weight to medical opinions. In deciding how much weight to give the opinion of

a *treating* physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted). An administrative law judge must give a treating physician's opinion controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted).

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300. Those factors are: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion." Watkins, 350 F.3d at 1301 (quotation omitted). After considering the requisite factors, the administrative law judge must "give good reasons" for the weight ultimately assigned to the opinion. Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "[I]f the [administrative law judge] rejects the opinion completely, he must . . . give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotation omitted). An administrative law judge "may reject a treating physician's

12

opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation and emphasis omitted).

Not all opinions of a treating physician qualify as "medical opinions," which are defined as "judgments about the nature and severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416. 927(a)(2). Statements that a claimant is "disabled" or as to what a claimant's RFC is are not "medical opinions," but instead constitute opinions on issues reserved to the Commissioner. Social Security Ruling 96-5p, 1996 WL 374183, at *2 (July 2, 1996); 20 C.F.R. §§ 404.1527(e)(1)-(2), 416.927(e)(1)-(2); see also Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (noting that an opinion by a physician that a claimant is totally disabled is not dispositive because the final responsibility for determining the ultimate issue of disability is reserved to the Commissioner). As such, they are not entitled to controlling weight or any special significance. Social Security Ruling 96-5p, 1996 WL 374183, at *2. Nevertheless, the administrative law judge must "evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." Id. at *3. The administrative law judge must still assess "the extent to which the opinion is supported by the record" and, in doing so, "must apply the applicable factors in 20 C.F.R. § 404.1527(d) and 416.927(d)." Id.

In this case, the administrative law judge discussed the medical opinions in great

detail under the appropriate standards. In particular, the administrative law judge extensively

discussed the opinions of Dr. Carl, Dr. Eckman, and Dr. Hisey, and gave good reasons for

his decision to assign great weight to the opinion of Dr. Hisey. In reaching his opinion

regarding Plaintiff's limitations, Dr. Hisey considered the findings of Dr. Eckman who

conducted several diagnostic tests to identify the cause of Plaintiff's complaints of weakness

and pain. See Tr. 566-67. Dr. Hisey opined that Plaintiff should have a 10 pound weight

lifting restriction with no repetitive motion of the lumbar spine; he also noted that Plaintiff

has difficulty standing or sitting for any significant length of time, requiring a job that would

allow him to change positions. Tr. 515. The RFC finding of the administrative law judge

was thoroughly consistent with the limitations noted by Dr. Hisey. Tr. 567.

**B. THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THERE WAS OTHER WORK PLAINTIFF COULD PERFORM IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

Plaintiff's claim that the vocational expert's testimony did not support the

administrative law judge's finding that he could perform other work is simply not supported

by the transcript of hearing. An administrative law judge's hypothetical question to a

vocational expert "must include all (and only) those impairments borne out by the evidentiary

record." Evans v. Chater, 55 F. 3d 530, 532 (10th Cir.1995). Hypothetical questions should

be crafted carefully to reflect a claimant's residual functional capacity, because "[t]estimony

elicited by hypothetical questions that do not relate with precision all of a claimant's

impairments cannot constitute substantial evidence to support the [Commissioner's]

14

decision." <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir.1991).

As noted by the Commissioner, any opinions of the VE that are inconsistent with the administrative law judge's findings regarding Plaintiff's ability to perform other work were in response to questions posed by Plaintiff's lawyer and included limitations that were not adopted by the administrative law judge. Plaintiff's argument that he could not even perform the job of sorter because he would need to support himself with a cane when alternating between sitting and standing has no support in the medical record. The vocational expert opined that the job of sorter could be performed by a person without bilateral use of the hands, and Dr. Eckman could not even determine the medical need for Plaintiff's use of a cane, attributing it to his anxiety that he may fall without it. Tr. 509, 826-27. Furthermore, there is no indication in the medical record that even if Plaintiff did need a cane for stability that he could not use his non-dominant hand for that purpose when alternating to a standing position. Any restrictions in use of his left, or non-dominant arm and shoulder had to do with reaching, and are not inconsistent with the hypothetical question posed by the administrative law judge.

**C. THE COMMISSIONER PROPERLY FAILED TO CONSIDER EVIDENCE OF PLAINTIFF'S INJURY SUBSEQUENT TO THE ADMINISTRATIVE LAW JUDGE'S DECISION.**

Finally, as noted by the Commissioner, Plaintiff's claim of additional limitations caused by an injury that post-dated the administrative law judge's decision is not cause for reversal:

The Social Security Administration only considers "new and material

evidence" if such evidence "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). In this case, the [administrative law judge] issued his decision in October 2003. [The new medical evidence] relates to a head injury Claimant sustained in November 2003.

Because this evidence of Claimant's alleged cognitive disability does not "relate[ ] to the period on or before" the date the [administrative law judge] issued his decision, agency regulations prohibited the consideration of this evidence. 20 C.F.R. § 404.970(b); Id. § 416.1470(b).... As the agency was not allowed to consider this evidence, neither may we: "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision."

Wall v. Astrue 561 F.3d 1048, 1064 (10th Cir. 2009) (citations omitted). Plaintiff apparently sustained a knee injury when he experienced syncope upon rising from his bed. See Tr. 712. There is nothing in the medical records from this incident that show it was in any way related to the impairments which were the subject of applications now under review. In fact, in an October 2009 follow-up report from Dr. Carl regarding Plaintiff's 2004 back injury, Dr. Carl discusses this knee injury but adds: "Obviously, the right lower extremity condition is not related to his work-related claim and has been commented on simply for the purpose of completeness." Tr. 732.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed. Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by

August 7, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 13ᵗʰ day of July, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE